| | | | |
|---|---|---|---|
| Case No. | CV 18-6024 FMO (AFMx) | Date | August 24, 2018 |
| Title | Bernard Allen v. Sarah Cannon Development Innovations, LLC | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
| Vanessa Figueroa | None | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On May 15, 2018, Bernard Allen ("plaintiff"), proceeding pro se, filed a Complaint in the Los Angeles County Superior Court against Sarah Cannon Development Innovations, LLC ("defendant"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-2, Declaration of Angela S. Fontana at Exhibit A, "Complaint"). In his two-page, handwritten complaint, plaintiff asserts claims for discrimination, corporate bullying and harassment, retaliation and reprisal, sexual harassment, and what the court believes to be "reason new employment fired plaintiff - collusion[.]" (See Dkt. 1-2, Complaint at 1-2). On July 11, 2018, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶ 8).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6024 FMO (AFMx) | Date | August 24, 2018 |
|---|---|---|---|
| Title | Bernard Allen v. Sarah Cannon Development Innovations, LLC | | |

doubts in favor of remanding the action to state court.¹ See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.² Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

"[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938) (footnotes omitted). "By good faith is meant that the sum demanded in the pleading is the real matter put in dispute, and not so clearly fictitious as to make it legally certain that the amount alleged was merely to confer jurisdiction because clearly beyond reasonable expectation of recovery." Miller-Crenshaw Co. v. Colorado Mill & Elevator Co., 84 F.2d 930, 932 (8th Cir. 1936), on reh'g, 87 F.2d 457 (8th Cir. 1937). If "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," diversity jurisdiction cannot be maintained. See Red Cab Co., 303 U.S. at 289, 58 S.Ct. at 590; see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir. 1996).

Here, defendant removed the instant action because plaintiff's Complaint states that "Plaintiff is suing Defendant for $50 Million dollars[.]" (See Dkt. 1, NOR at ¶ 19; Dkt. 1-1,

---

¹ An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

² Defendant seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6024 FMO (AFMx) | Date | August 24, 2018 |
|---|---|---|---|
| Title | Bernard Allen v. Sarah Cannon Development Innovations, LLC | | |

Complaint at 2). These allegations are plainly fictitious, fantastical and not made in good faith. Other than referencing plaintiff's fantastical, "clearly fictitious" allegations, see Miller-Crenshaw Co., 84 F.2d at 932, defendant makes no effort to demonstrate that the amount in controversy exceeds $75,000. (See, generally, Dkt. 1, NOR at ¶¶ 17-20). Nor could it because plaintiff's Complaint contains no allegations that would support any damages amount, let alone an amount exceeding $75,000. (See, generally, Dkt. 1-2, Complaint at 1-2); see, e.g., McCormack v. Stults, 2012 WL 1231995, *1-2 (C.D. Cal. 2012) (plaintiff's conclusory allegations deemed insufficient to meet the amount in controversy because plaintiff did not "me[e]t his burden of offering any specific facts or evidence to support the claimed damages amount" including, for instance, "past or present income"). "[U]nsupported assertion[s] of damages [are] not necessarily sufficient to overcome the amount in controversy requirement. 'While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury.'" Davis v. Nuci, 2011 WL 3503175, *4 (E.D. Cal. 2011) (quoting Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1052 (5th Cir.1982) and citing Christensen v. Northwest Airlines, Inc., 633 F.2d 529 (9th Cir.1980)); see Brown v. Bury, 2012 WL 112645,*3 (E.D. Cal. 2012) ("Plaintiff asserts that he has suffered $2,330,000.00 in damages as a result of Defendant's wrongful acts. However, bare unsupported assertions as to the amount in controversy will not satisfy the jurisdictional requirement."). Given that the court must "strictly construe the removal statute against removal jurisdiction[,]" and that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance[,]" Gaus, 980 F.2d at 566, the court is not satisfied that the amount in controversy requirement is met. Therefore, there is no basis for diversity jurisdiction.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |